**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT CAWTHON,<br>                    *Plaintiff,*<br><br>v.<br><br>YONGCHUNHENGYUANMAOYIYOUXIANGONGSI<br>                    *Defendant.* | Civil Action No. _____ |

## COMPLAINT

1.      Plaintiff Scott Cawthon ("**Plaintiff**") by and through his attorneys Nissenbaum Law Group, LLC as for his Complaint against Defendant Yongchunhengyuanmaoyiyouxiangongsi ("**Defendant**") hereby alleges as follows:

## THE PARTIES

2.      The Plaintiff is now, and at all times hereinafter mentioned was, a resident of Texas with a mailing address c/o the Nissenbaum Law Group, 2400 Morris Avenue, Suite 301, Union, New Jersey 07083.

3.      Upon information and belief, Defendant Yongchunhengyuanmaoyiyouxiangongsi now, and at all times hereinafter mentioned was, a resident of China with an address of yongchunxianwulijiezhenzhenfulinguoji20dong304 quanzhou fujian (address is listed as stated in Defendant's counter-notice).

## JURISDICTION AND VENUE

4.      This is an action for infringement of registered and common law copyrights in violation of the Copyright Act, 17 U.S.C § 501.

5.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 512, and pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

7.      This Court has personal proper jurisdiction pursuant to 17 USC § 512(g)(3)(d) and Defendant's affirmative consent through its submitted counter-notification under the Digital Millennium Copyright Act ("**DMCA**").    A true and accurate copy of Defendant's counter-notice is attached hereto as **Exhibit A**.

8.      Specifically, Defendant resides outside of the United States and therefore affirmatively consented to the jurisdiction of Federal District Court in which service provider, Amazon, may be found.

9.      An Amazon fulfilment center is located within this jurisdiction, with an address at 7 W 34th St, New York, NY 10001.

## FACTUAL BACKGROUND

### A.      PLAINTIFF'S COPYRIGHTS

10.      Plaintiff is the creator, author and intellectual property owner of the *Five Nights at Freddy's* ("**FNAF**") series of video games and novels. Plaintiff is the rightful legal owner of these properties, including, without limitation, the titles and characters thereof.

11.      Plaintiff released the first installment of this renowned and successful video game series in August 2014.

12.      The video game franchise has grown to include over twelve games, including: *Five Nights at Freddy's*, *Five Nights at Freddy's 2*, *Five Nights at Freddy's 3*, *Five Nights at Freddy's 4*, *FNaF World*, *Five Nights at Freddy's: Sister Location*, *Freddy Fazbear's Pizzeria Simulator*, *Ultimate Custom Night*, *Five Nights at Freddy's VR: Help Wanted*, *Five Nights at Freddy's AR: Special Delivery*, *Freddy in Space 2* and *Five Nights at Freddy's: Security Breach* (collectively, the "**Five Nights Games**").

13.    The Five Nights Games are available for purchase and download for personal computers on Valve Corporation's Steam digital distribution platform; on mobile platforms such as Apple and Android; as well as traditional and virtual reality video game platforms, such as Sony PlayStation, Nintendo Switch and Microsoft Xbox.

14.    Millions of people worldwide have purchased the Five Nights Games.

15.    Plaintiff is the owner of over two hundred (200) registered copyrights related to, among other things, the images of the characters in the Five Nights at Freddy's franchise.

16.    Without limitation, Plaintiff has registered copyrights in each of the foregoing character images (collectively, the "**Copyrights**"):

B.    VA0001973962 – Marionette



C.    VA0001973958 – Springtrap



True and accurate copies of the Copyright registrations for the aforementioned copyrights are attached hereto as **Exhibits B and C**, respectively.

17.     Plaintiff, through his licensing entity Scottgames, LLC actively licenses the famous FNAF characters, including, without limitation, the characters that are the subject of the Copyrights, for use in a variety of merchandise products.

18.     The entire FNAF licensing portfolio has produced millions of dollars at retail stores.

19.     The authorized license program includes, without limitation, authorized licensees who develop and sell toys depicting the characters.

20.     Indeed, the Five Nights Games and the copyrighted characters have a high degree of consumer recognition.

21.     The Defendant undoubtedly had access to the original elements constituting the Copyrights.

22.     This is an action arising from Defendant's willful, knowing and unlawful sale, reproduction, promotion and distribution of Five Nights merchandise, namely <u>unlicensed</u> toys reflecting the character images of the Copyrights.

**B.     DEFENDANT'S WRONGFUL ACTS**

23.     Defendant is an Amazon seller.

24.     Defendant willfully and knowingly produces, promotes and distributes the Infringing Product, which are unauthorized, unlicensed and infringing reproductions of the copyrighted characters.

25.     Upon information and belief, Defendant marketed and sold toys that copy, embody, or constitute derivative works of, the Copyrights.

4

26.     Defendant advertised the following product for sale  ("**Infringing Product**") in the

applicable Amazon listings:

| Complaint ID | Product Name and Size | ASIN# | Product Image |
|---|---|---|---|
| 9481868541 | 2 Pieces Nights at Plush ToysAll Character BearBonnie Stuffed Animal (Puppet+Springtrap) | B09KXLYVLP | |

27.     A true and accurate copy of the Amazon listing for the Infringing Product is

attached hereto as **Exhibit D**.

28.     Defendant is not an authorized licensee of Plaintiff.

29.     Defendant advertised using Plaintiff's Copyrights for commercial purposes without

being granted permission by Plaintiff.

30.     Defendant has not paid Plaintiff any royalties nor requested any permission for use

of the Copyrights.

31.     The Infringing Product utilizes the Copyrights without adding any transformative

element.

## C.     DIGITAL MILLENNIUM COPYRIGHT ACT COMPLAINT

32.     On or about January 13, 2022, Plaintiff submitted a complaint to Amazon pursuant

to the DMCA to request Amazon remove the Infringing Product.

33.     On or about January 16, 2022, Amazon removed Defendant's product from its

platform.

34.     On or about June 2, 2022, Defendant filed a counter-notification, issued under 17 U.S.C. § 512 (the "**Counter Notice**").

35.     As set forth more fully above, Plaintiff is the owner and holder of the Copyrights. *See* **Exhibits B and C**.

## FIRST COUNT
### Copyright Infringement: 17 U.S.C. §§ 106, 501

36.     Plaintiff repeats and incorporates by reference the allegations of each preceding paragraph as if fully set forth herein.

37.     Plaintiff is the sole owner of the Copyrights.

38.     Defendant had access to the Copyrights.

39.     The Infringing Product is substantially similar to the protectable elements of the Copyrights.

40.     Pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 101 *et seq*., Plaintiff, as the owner of this copyright, has the exclusive right to reproduce the copyrighted works, prepare derivative works based upon the copyrighted work and distribute copies of the copyrighted works to the public by sale.

41.     By reproducing, distributing and promoting Infringing Product incorporating the protectable, original elements of the copyrighted characters in violation of Plaintiff's exclusive rights, Defendant has infringed Plaintiff's Copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

42.     By creating unauthorized derivative works of the copyrighted characters and the original elements of those protected works in violation of Plaintiff's exclusive right, Defendant has infringed Plaintiff's Copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43.     Defendant's act of infringement is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

44.     As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages and profits, 17 U.S.C. § 504(b), for Defendant's infringement of Plaintiff's copyrights.

45.     In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of Plaintiff's copyrights.

46.     In addition, Plaintiff is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505.

47.     Plaintiff is also entitled to prejudgment interest any damages awarded for Defendant's infringement of Plaintiff's Copyrights.

48.     Furthermore, Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff's great and irreparable injury that cannot fully be compensated or measured. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502, 503, Plaintiff is entitled to preliminary and final injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order and Judgment as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendant and his officers, agents, servants, employees, owners and representatives, and all other persons or entities be ordered to:

    (a)     Disclose all websites and other locations where the Infringing Product is sold;

(b)     Disclose any and all products infringing upon Plaintiff's intellectual property;

(c)     Disclose the means by which the Infringing Product is manufactured and where the manufacturing occurs;

(d)     Turn over any and all of the Infringing Product and any other products infringing upon Plaintiff's intellectual property;

(e)     Provide an accounting of all inventory of the Infringing Product and any other products infringing upon Plaintiff's intellectual property;

(f)     Provide an accounting of any and all sales of the Infringing Product and any other products infringing upon Plaintiff's intellectual property;

(g)     Remove the Infringing Product and any and all other products infringing upon Plaintiff's intellectual property from any and all websites or other points of sale;

(h)     Immediately cease any and all infringement of Plaintiff's intellectual property;

(i)     File with this Court and serve upon Plaintiff within thirty (30) days of the entry of an injunction a written report under oath describing in detail the manner and form in which Defendant complied with the injunctive relief set forth in this section, pursuant to 17 U.S.C. § 503;

2.     Ordering Defendant to pay a judgment in the amount of Plaintiff's actual damages and any additional profits of Defendant;

3.     In the alternative, ordering Defendant to pay a judgment of statutory damages for all of Defendant's infringements in an amount the Court considers just under 17 U.S.C. § 504 (c);

4.      Ordering the destruction of infringing articles in the possession of the Defendant pursuant to 17 U.S.C. § 503;

5.      Ordering Defendant to pay Plaintiff's attorney's fees and costs of this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 512(f);

6.      Ordering Defendant to pay pre-judgment interest to Plaintiff for Plaintiff's copyright claims;

7.      Ordering Defendant to pay post-judgment interest to Plaintiff pursuant to 28 U.S.C. § 1961; and

8.      Granting Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

Respectfully submitted,

Dated: June 16, 2022                    By:   */s/Steven L. Procaccini*
                                        Steven L. Procaccini (317428)
                                        NISSENBAUM LAW GROUP, LLC
                                        2400 Morris Avenue (Suite 301)
                                        Union, New Jersey 07083
                                        Tel:  908-686-8000
                                        Fax: 908-686-8550
                                        sp@gdnlaw.com
                                        *Attorneys for Plaintiff*